# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

SHALONDA ARCOLA CAMPBELL                                                    PETITIONER
ADC #710039

v.                                    5:09-cv-00347-BSM-JJV

ARKANSAS DEPARTMENT OF CORRECTION;
LARRY NORRIS, Director, Arkansas Department
of Correction; RAYMOND NAYLOR, Assistant
to the Director, Arkansas Department of Correction                          RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is Petitioner's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and her Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. §2254 of Shalonda Arcola Campbell, an inmate in the custody of the Wrightsville Women's Unit of the Arkansas Department of Correction (ADC).

**I. Background**

On September 25, 2009, Petitioner filed a complaint in this Court under 42 U.S.C. § 1983. *See* Case Number 1:09-cv-00047-JJV, Doc. No. 2. In her complaint, Petitioner alleged violations of her civil rights based on the following grounds:

2

   (1) placement of soap, water, and a snake in her food tray;

   (2) verbal abuse, physical abuse, and harassment by prison guards;

   (3) retaliatory filing of a false disciplinary; and

   (4) deprivation of access to her legal mail.

*Id*.

On November 9, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2) under § 2254. Petitioner is seeking immediate release from the ADC, based on the following grounds:

   (1) verbal abuse, physical abuse, and harassment by the prison guards;

   (2) placement of a snake, soap, water, and other poisons in her food;

   (3) failure to be provided medication; and

   (4) filing of a false disciplinary.

**II. Analysis**

Federal law establishes two mechanisms for prisoners to seek relief on complaints related to their imprisonment – a civil rights complaint pursuant to 42 U.S.C. § 1983, and a petition for writ of habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A civil rights complaint under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the *conditions of his prison life*, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (emphasis added); *see also Wishon v. Gammon*, 978 F.2d 446, 449 (1992) (inmate brought a § 1983 action alleging that he was "served cold food, often contaminated with foreign

objects, in violation of his Eighth Amendment rights"). On the other hand, habeas corpus "is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Habeas relief is the exclusive remedy when an inmate's argument directly goes to the constitutionality of the prisoner's physical confinement and seeks "immediate release from that confinement or the shortening of its duration." *Id.* at 489.

Rule 4 of the Rules Governing Section 2254 Cases states, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, Petitioner is clearly making allegations regarding her conditions of confinement that are only cognizable in a § 1983 action. Furthermore, Petitioner's current allegations are essentially the same allegations in her pending § 1983 petition. For these reasons, the Court finds that Petitioner is not entitled to any form of habeas relief and, therefore, service of the petition would serve no purpose.

## III.  CONCLUSION

After careful review of Petitioner's petition for writ of habeas corpus and the attached exhibits, the Court finds Petitioner is not entitled to relief in the district court, and recommends that the petition be dismissed with prejudice.

IT IS SO ORDERED this 30th day of November, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE